Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERROL BROWN, Individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS |
| v. | JURY TRIAL DEMANDED |
| INNERWORKINGS, INC., ERIC D. BELCHER, RYAN K. SPOHN, JEFFREY P. PRITCHETT, AND CHARLES HODGKINS, | |
| Defendants. | |

Plaintiff Errol Brown ("Plaintiff"), by Plaintiff's undersigned attorneys, individually and on behalf of all other persons similarly situated, alleges the following based upon personal knowledge as to Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange

– 1 –

Commission ("SEC") filings, wire and press releases published by and regarding InnerWorkings, Inc. ("InnerWorkings" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action brought on behalf of a class consisting of all persons and entities, other than Defendants and their affiliates, who purchased or otherwise acquired publicly traded securities of InnerWorkings from August 11, 2015 through May 7, 2018, inclusive (the "Class Period"), seeking to recover compensable damages caused by Defendants' violations of federal securities laws (the "Class").

## JURISDICTION AND VENUE

2.     The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4.     Venue is proper in this judicial district pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as the Company conducts business and maintains an office within this judicial district.

5.     In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.    Plaintiff, as set forth in the attached Certification, acquired InnerWorkings securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

7.    Defendant InnerWorkings provides marketing execution solutions in North America and internationally. The Company's software applications and databases create an integrated solution that stores, analyzes, and tracks the production capabilities of its supplier network, as well as detailed pricing data. InnerWorkings is a Delaware corporation with an office located at 17032 Murphy Avenue, Irvine, CA 92614. InnerWorkings securities trade on the NASDAQ under the ticker symbol "INWK."

8.    Defendant Eric D. Belcher ("Belcher") was the Company's Chief Executive Officer ("CEO") from the beginning of the Class Period until April 2018. Belcher serves as the Company's Executive Chairman of the Board of Directors.

9.    Defendant Ryan K. Spohn ("Spohn") served as the Company's interim Chief Financial Officer ("CFO") from March 9, 2015 until August 2015.

10.    Defendant Jeffrey P. Pritchett ("Pritchett") served as the Company's CFO from August 2015 until his resignation in December 6, 2017.

11.    Defendant Charles Hodgkins ("Hodgkins") has been the Company's interim CFO since December 2017.

12.    Defendants Belcher, Spohn, Pritchett, and Hodgkins are sometimes referred to herein as the "Individual Defendants."

13.    Each of the Individual Defendants:

    a.  directly participated in the management of the Company;

    b.  was directly involved in the day-to-day operations of the Company at the highest levels;

– 3 –

c. was privy to confidential proprietary information concerning the Company and its business and operations;

d. was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

e. was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

f. was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

g. approved or ratified these statements in violation of the federal securities laws.

14.     InnerWorkings is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency as all of the wrongful acts complained of herein were carried out within the scope of their employment with authorization.

15.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to InnerWorkings under *respondeat superior* and agency principles.

16.     Defendant InnerWorkings and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements

17.     On August 10, 2015, after the market closed, InnerWorkings filed a Form 10-Q for the quarter ended June 30, 2015 (the "2Q 2015 10-Q") with the SEC, which provided the Company's second quarter 2015 financial statements and position. The 2Q 2015 10-Q was signed by Defendants Belcher and Spohn. The 2Q

– 4 –

2015 10-Q contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Belcher and Spohn attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

18.   On November 6, 2015, InnerWorkings filed a Form 10-Q for the quarter ended September 30, 2015 (the "3Q 2015 10-Q") with the SEC, which provided the Company's third quarter 2015 financial statements and position. The 3Q 2015 10-Q was signed by Defendants Belcher and Pritchett. The 3Q 2015 10-Q contained signed SOX certifications by Defendants Belcher and Pritchett attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

19.   On March 10, 2016, InnerWorkings filed an annual report on Form 10-K for the fiscal year ended December 31, 2015 (the "2015 10-K") with the SEC, which provided the Company's annual financial statements and position. The 2015 10-K was signed by Defendants Belcher and Pritchett. The 2015 10-K contained signed SOX certifications by Defendants Belcher and Pritchett attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

20.   On May 10, 2016, InnerWorkings filed a Form 10-Q for the quarter ended March 31, 2016 (the "1Q 2016 10-Q") with the SEC, which provided the Company's first quarter 2016 financial statements and position. The 1Q 2016 10-Q was signed by Defendants Belcher and Pritchett. The 1Q 2016 10-Q contained signed SOX certifications by Defendants Belcher and Pritchett attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

21.   On August 15, 2016, InnerWorkings filed a Form 10-Q for the quarter ended June 30, 2016 (the "2Q 2016 10-Q") with the SEC, which provided the

1  Company's second quarter 2016 financial statements and position. The 2Q 2016 10-
2  Q was signed by Defendants Belcher and Pritchett. The 2Q 2016 10-Q contained
3  signed SOX certifications by Defendants Belcher and Pritchett attesting to the
4  accuracy of financial reporting, the disclosure of any material changes to the
5  Company's internal controls over financial reporting, and the disclosure of all fraud.

6       22.   On November 6, 2016, InnerWorkings filed a Form 10-Q for the quarter
7  ended September 30, 2016 (the "3Q 2016 10-Q") with the SEC, which provided the
8  Company's third quarter 2016financial statements and position. The 3Q 2016 10-Q
9  was signed by Defendants Belcher and Pritchett. The 3Q 2016 10-Q contained
10  signed SOX certifications by Defendants Belcher and Pritchett attesting to the
11  accuracy of financial reporting, the disclosure of any material changes to the
12  Company's internal controls over financial reporting, and the disclosure of all fraud.

13       23.   On March 9, 2017, InnerWorkings filed an annual report on Form 10-
14  K for the fiscal year ended December 31, 2016 (the "2016 10-K") with the SEC,
15  which provided the Company's annual financial statements and position. The 2016
16  10-K was signed by Defendants Belcher and Pritchett. The 2016 10-K contained
17  signed SOX certifications by Defendants Belcher and Pritchett attesting to the
18  accuracy of financial reporting, the disclosure of any material changes to the
19  Company's internal control over financial reporting and the disclosure of all fraud.

20       24.   On May 8, 2017, InnerWorkings filed a Form 10-Q for the quarter
21  ended March 31, 2017 (the "1Q 2017 10-Q") with the SEC, which provided the
22  Company's first quarter 2017 financial statements and position. The 1Q 2017 10-Q
23  was signed by Defendants Belcher and Pritchett. The 1Q 2017 10-Q contained
24  signed SOX certifications by Defendants Belcher and Pritchett attesting to the
25  accuracy of financial reporting, the disclosure of any material changes to the
26  Company's internal controls over financial reporting, and the disclosure of all fraud.

27
28

25.     On August 7, 2017, InnerWorkings filed a Form 10-Q for the quarter ended June 30, 2017 (the "2Q 2017 10-Q") with the SEC, which provided the Company's second quarter 2017 financial statements and position. The 2Q 2017 10-Q was signed by Defendants Belcher and Pritchett. The 2Q 2017 10-Q contained signed SOX certifications by Defendants Belcher and Pritchett attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

26.     On November 7, 2017, InnerWorkings filed a Form 10-Q for the quarter ended September 30, 2017 (the "3Q 2017 10-Q") with the SEC, which provided the Company's third quarter 2017 financial statements and position. The 3Q 2017 10-Q was signed by Defendants Belcher and Pritchett. The 3Q 2017 10-Q contained signed SOX certifications by Defendants Belcher and Pritchett attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

27.     On March 16, 2018, InnerWorkings filed an annual report on Form 10-K for the fiscal year ended December 31, 2017 (the "2017 10-K") with the SEC, which provided the Company's annual financial statements and position. The 2017 10-K was signed by Defendants Belcher and Hodgkins. The 2017 10-K contained signed SOX certifications by Defendants Belcher and Hodgkins attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

28.     The statements referenced in ¶¶17-27 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) InnerWorkings' financial statements for the fiscal years ending December 31,

2017, 2016, and 2015 as well as all interim periods contained errors that required restating; and (2) InnerWorkings' financial statements were materially false and misleading at all relevant times.

## The Truth Emerges

29.     On May 7, 2018, after the market closed, InnerWorkings issued a press release entitled, "InnerWorkings Postpones Release of First Quarter 2018 Financial Results." The press release disclosed that many of the Company's historical financial statements contained errors which required restatement, stating in relevant part:

> CHICAGO, IL – May 7, 2018 – InnerWorkings, Inc. (NASDAQ: INWK), the leading global marketing execution firm, announced that it is postponing the release of its first quarter 2018 financial results and conference call due to *errors in its historical financial statements identified during the course of its first quarter financial reporting close process. The Company will be restating its financial statements for the years ended December 31, 2017, 2016, and 2015, and all interim periods within those years.*
>
> *The accounting errors relate primarily to recording a portion of costs of goods sold in the wrong period*, and have no material impact on InnerWorkings' cash flow, revenue, or liquidity. The restated financial statements will also correct other errors identified during prior periods, which were immaterial individually and in the aggregate. Based on its preliminary assessment, InnerWorkings estimates the aggregate impact of these corrections on income before income taxes as follows:
>
> - For the year ended December 31, 2017, a decrease in income before income taxes of $2.5 - $4.5 million;
> - For the year ended December 31, 2016, a decrease in income before income taxes of $1.5 - $2.5 million; and
> - For the year ended December 31, 2015, an increase in income before income taxes of $0.5 - $1.5 million
>
> In order to allow sufficient time to complete its review and corrections to the historical financial statements, InnerWorkings is delaying reporting first quarter 2018 financial results and hosting its conference

– 8 –

call, originally scheduled for May 8, 2018. The Company expects to file an amendment to its 2017 Form 10-K reflecting the corrected financial statements and reschedule its first quarter 2018 earnings release and conference call to no later than May 31, 2018. For more information about the restatement, please see the Company's Current Report on Form 8-K (Item 4.02) filed on May 7, 2018.

(Emphasis added).

30.     On this news, the Company's shares fell $0.62 per share or over 6.4% to close at $9.06 per share on May 8, 2018, damaging investors.

31.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired InnerWorkings securities publicly traded on NASDAQ during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

33.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, InnerWorkings securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the

– 9 –

proposed Class. Record owners and other members of the Class may be identified from records maintained by InnerWorkings or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

34.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

35.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

36.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    a.  whether the federal securities laws were violated by Defendants' acts as alleged herein;

    b.  whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of InnerWorkings;

    c.  whether the Individual Defendants caused InnerWorkings to issue false and misleading financial statements during the Class Period;

    d.  whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

    e.  whether the prices of InnerWorkings securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

f.  whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

37.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

38.  Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

a.  Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

b.  the omissions and misrepresentations were material;

c.  InnerWorkings securities are traded in an efficient market;

d.  the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

e.  the Company traded on the NASDAQ and was covered by multiple analysts;

f.  the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

g.  Plaintiff and members of the Class purchased, acquired and/or sold InnerWorkings securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

39.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

40.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

41.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

42.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

43.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of InnerWorkings securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire InnerWorkings

– 12 –

securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

44.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for InnerWorkings securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about InnerWorkings' finances and business prospects.

45.     By virtue of their positions at InnerWorkings, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

46.     Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order to personally benefit from the sale of InnerWorkings securities from their personal portfolios.

47.     InnerWorkings showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and

control. As the senior managers and/or directors of InnerWorkings, the Individual Defendants had knowledge of the details of InnerWorkings' internal affairs.

48.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of InnerWorkings. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to InnerWorkings' businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of InnerWorkings securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning InnerWorkings' business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired InnerWorkings securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

49.     During the Class Period, InnerWorkings securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of InnerWorkings securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of InnerWorkings

securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of InnerWorkings securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

50.    By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

51.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### Violation of Section 20(a) of The Exchange Act
### Against The Individual Defendants

52.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53.    During the Class Period, the Individual Defendants participated in the operation and management of InnerWorkings, and conducted and participated, directly and indirectly, in the conduct of InnerWorkings' business affairs. Because of their senior positions, they knew the adverse non-public information about InnerWorkings' current financial position and future business prospects.

54.    As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to InnerWorkings' business practices, and to correct promptly any public statements issued by InnerWorkings which had become materially false or misleading.

– 15 –

55.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which InnerWorkings disseminated in the marketplace during the Class Period concerning the Company's business, operational and accounting policies. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause InnerWorkings to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of InnerWorkings within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of InnerWorkings securities.

56.     Each of the Individual Defendants, therefore, acted as a controlling person of InnerWorkings. By reason of their senior management positions and/or being directors of InnerWorkings, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, InnerWorkings to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of InnerWorkings and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

57.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by InnerWorkings.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.     Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.     Awarding such other and further relief as this Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated: May 10, 2018                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff